LOUIS DUBINS, PLAINTIFF-APPELLEE, v. ELIZABETH TRUST COMPANY, DEFENDANT-APPELLANT.

Argued May 4. 1938—Decided September 14, 1938.

Before Justices TRENCHARD, PARKER and PERSKIE.

For the defendant-appellant, *Charles A. Otto, Jr.* (*Louis C. Lehman,* of counsel).

For the plaintiff-appellee, *Nathan Reibel.*

PER CURIAM.

This is an appeal of the defendant below from a judgment in favor of the plaintiff rendered by the District Court judge sitting without a jury.

The state of the case as settled by the trial judge shows, among other things, that the plaintiff was largely indebted to the defendant trust company upon several promissory notes, and it was then agreed between the parties, in an endeavor to strengthen plaintiff's account, that the defendant trust

company loan plaintiff $500 on an additional note, the proceeds thereof to remain on deposit to plaintiff's credit, not to be drawn upon by him, and this was done. Meanwhile, apparently, from time to time, plaintiff's indebtedness was largely, if not entirely, liquidated, when in May, 1932, plaintiff was adjudged a bankrupt, and the last note was charged to plaintiff's account and canceled, and years afterward this suit was brought by the plaintiff claiming that illegal interest in the amount of $185 was exacted from him.

At the close of the case the defendant moved for a direction of a verdict upon the ground that the plaintiff failed to show any illegal interest was received by the defendant. But because of the meagerness of the state of the case, we do not choose to undertake to determine whether or not that motion should have been granted, and especially since in our view a consideration of that question is unnecessary for the proper decision of the case, for the reasons we will now state.

We have pointed out that the state of the case does show without dispute that before this suit was instituted the plaintiff was adjudged a bankrupt and discharged. The plaintiff so testified.

In this posture of the proof the defendant moved for a direction of the verdict in its favor on the ground that plaintiff had been adjudged a bankrupt and had been discharged. That question was argued, the case closed, decision reserved, and the parties were directed to file briefs, and at last the trial judge in effect denied such motion and rendered judgment for the plaintiff for $185 and interest.

We think that was wrong. It seems quite clear that the right of action to recover on account of the alleged usurious interest passed to the trustee in bankruptcy of the person paying such interest. 6 *Amer. Jur.* 611. When the case was closed there was no evidence, not even a suggestion, that such right of action had been, by any means, vested in the plaintiff. The trial judge seems to have rested his failure to grant defendant's motion, and his finding in favor of the plaintiff, upon a statement in a letter written to him by the attorney of the plaintiff nearly two months after the case was closed, saying that he desired "to present proof of the fact that this

cause of action was a sale of the assets by the trustee to a relative of Dubins [plaintiff] and then to Dubins, vested in Dubins." The trial judge seems to have assumed that a copy of that letter was sent to defendant, but there was no evidence that such was the fact. Then, without more, the judge held that in such circumstances the defendant had "waived and abandoned" its motion for a direction of a verdict, apparently because defendant had not replied to the statement contained in that letter, and so gave judgment for the plaintiff. It will thus be seen that the trial judge's action was based solely upon matters as to which there was not the slightest evidence, and without giving the defendant an opportunity to controvert in court the alleged matters of fact upon which he based his action.

The judgment below will be reversed, to the end that a new trial be had. Costs to abide the event.